UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **CHERYL SCHRAUFNAGEL,** on behalf of herself and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) | Civil Action No. 2:19-cv-01608-JPS |
| vs. ) ) | |
| ) | Jury Trial Demand |
| **GEICO CASUALTY COMPANY,** a foreign insurance corporation, ) ) ) | |
| Defendant. ) ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORNADUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

Plaintiff, Cheryl Schraufangel ("Ms. Schraufangel" or "Plaintiff"), on behalf of herself and all others similarly situated, files this Response to Defendant GEICO Casualty Company's ("GEICO" or "Defendant") Memorandum in Support of its Partial Motion to Dismiss ("Motion"), and states in support as follows:

### INTRODUCTION

This is a putative class action alleging that Defendant systematically underpays its insureds on auto insurance claims where the vehicle is declared a total loss by excluding sales tax and vehicle title and registration fees from the payment it makes when it declares the vehicle a total loss and pays the actual cash value ("ACV"). Defendant filed a partial Motion to Dismiss Plaintiff's cause of action for declaratory relief. In its Motion, Defendant incorrectly argues that this case should be dismissed because Plaintiff does not allege an "immediate" injury, and the declaratory action is duplicative of the breach of contract claim. This Court should deny the motion in its entirety.

I. **LEGAL STANDARD**

"A complaint will survive a 12(b)(6) motion if, after the court disregards any portions that are 'no more than conclusions,' it 'contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In deciding a motion to dismiss, the Court must accept all well-pleaded facts as true. *Leahv. Bd. Of Trs. Of Comm. College Dist. No. 508*, 912 F2d. 917, 921 (7th Cir. 1990). "The Declaratory Judgment Act gives courts of the United States discretionary power to issue declarations regarding 'the rights and other legal relations of any interested party seeking such declaration.'" *Deveraux v. City of Chicago*, 14 F.3d 328, 330 (7th Cir. 1994) (citing 28 U.S.C. § 2201). "[H]owever...courts may not exercise this discretionary power in the absence of an 'actual controversy' between the parties." *Id.* "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 138, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) (internal citations omitted). Moreover, "[i]t must be a real and substantial controversy...as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal citations omitted).

II. **ARGUMENT**

A. **Plaintiff Alleged a Valid Cause of Action for Declaratory Relief**

Defendant contends that Plaintiff failed to establish a cause of action for declaratory relief because her allegations relate solely to Defendant's alleged past conduct, which does not establish the threat of real or immediate risk of injury. Motion at 5. However, Plaintiff alleged that Defendant is a large private insurance company that collects hundreds of millions of dollars in premiums every year and systematically underpays ACV of total loss vehicles under its policy to

2

herself and thousands of other class members. Compl. ¶4-5. Plaintiff, and thousands of other class members, are in doubt about their rights under their policy, and have an immediate injury: under their interpretation of Defendant's policy, they are owed money. Defendant disagrees. Declaratory judgments exist precisely to clarify justiciable questions such as this one, namely, what are Plaintiff's and the class members' rights to sales tax and title transfer fees under their insurance policy with Defendant.

### B. The District Court Should Exercise Jurisdiction to Determine the Declaratory Judgment Action

Once a district court determines that a justiciable question exists, the court must consider the question of jurisdiction. When considering whether a district court should exercise jurisdiction to hear a declaratory judgment case, the Seventh Circuit considers several factors: (1) Whether the judgment would settle the controversy; (2) Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction, and (5) Whether there is an alternative remedy that is better or more effective." *See NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994). In this case, Defendant's only argument as to why the plaintiff's declaratory judgment claim should be dismissed under these factors relates to the fifth consideration, *i.e.*, whether "an alternative remedy that is better or more effective" will resolve the claim. *Id.*

The fact that Plaintiff pled a count for breach of contract in addition to a claim for declaratory relief is not fatal to her class claim for declaratory relief. In *Murillo v. Kohl's Corp.*, the Court held that plaintiff's statutory violation of Wis. Stat. §100.18 and declaratory action based

3

on alleged deceptive marketing practices each stated a valid cause of action. 197 F. Supp. 3d 1119, 1136 (E.D. Wis. 2016) ("Here, declaratory and/or injunctive relief would indeed: (1) settle the parties' ongoing/future dispute regarding [Defendant's] allegedly deceptive marketing practices; and (2) clarify for the parties and putative class members the legality of [Defendant's] practices." *Id*. at 40). Similarly, in the instant case, while a breach of contract action would remedy pecuniary losses from Defendant's past conduct, it does not have the power to enjoin any allegedly wrongful future conduct. On the contrary, a declaratory action has the power to clarify the legality of Defendant's practices and can have the effect of enjoining Defendant from underpaying similarly situated insureds in the future. *See Murillo v. Kohl's Corp.*, 197 F. Supp. 3d 1119, 1137 (E.D. Wis. 2016).

C. **The Court should apply Wisconsin substantive law to determine Declaratory Relief**

Because this is a case in diversity, the Court will apply the substantive law of Wisconsin but federal procedural law. *See Ferguson-Kubly Indus. Servs. v. Circle Envtl., Inc.*, 409 F. Supp. 2d 1072, 1081 (E.D. Wis. 2006). A request for declaratory judgment is a procedural mechanism that relies, in this instance, upon substantive state law. *See Id*. While Defendant is correct that the Federal Declaratory Judgment Act controls this litigation, it is immaterial that the complaint asks for a declaratory judgment under the Wisconsin Civil Practice Act. *See Ill. ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 939 (7th Cir. 1983) (A complaint for declaratory relief can be litigated in federal court even if the complaint contains procedural references to state instead of federal law.) *Id.* at 939.[1] To the extent necessary, Plaintiff is willing to amend her Complaint to

---

[1] In a case cited by Defendant in its Memorandum in Support of its Partial Motion to Dismiss, *Aslanukov v. Am. Express Travel Related Servs. Co.*, 426 F. Supp. 2d 888, 893 (W.D. Wis. 2006), the Western District of Wisconsin considered a declaratory action pleaded pursuant to Wis. Stat. § 806.06.

4

clarify that the declaratory count is brought pursuant to the Declaratory Judgment Act, 28 U.S.C.S. § 2201.

## **CONCLUSION**

Accordingly, Defendant's Partial Motion to Dismiss should be denied in its entirety.

Dated: February 24, 2020              Respectfully submitted,

/s/Jake Phillips
**NORMAND PLLC**
Jacob L. Phillips (admitted *pro hac vice*)
jacob.phillips@normandpllc.com
Edmund A. Normand (admitted *pro hac vice*)
ed@normandpllc.com
service@normandpllc.com
3165 McCrory Place, Suite 175
Orlando, FL 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175

**KOTCHEN & LOW LLP**
Daniel Kotchen
dkotchen@kotchen.com
1745 Kalorama Rd., N.W., Suite 101
Washington, D.C. 20009(202) 468-401

**EDELSBERG LAW, PA**
Scott Edelsberg *(pro hac vice to be filed)*
scott@edelsberglaw.com
20900 NE 30th Ave, Suite 417
Aventura, FL 33180
Telephone: (305) 975-3320

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis *(pro hac vice to be filed)*
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
Telephone: (305) 479-2299
Facsimile: (786) 623-0915

**DAPEER LAW, P.A.**
Rachel Dapeer *(pro hac vice to be filed)*

5

rachel@dapeer.com  
300 S. Biscayne Blvd, #2704  
Miami, FL 33131  
Telephone: (305) 610-5223

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on February 24, 2020, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Jake Phillips*  
Jacob L. Phillips, Esq.

6

Case 2:19-cv-01608-JPS   Filed 02/24/20   Page 6 of 6   Document 16